UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH KHALED ABDULGHANI
ALAWADI et al.,

       Plaintiffs,                            Case No. 2:23-cv-13200

v.                                         Honorable Susan K. DeClercq
                                               United States District Judge

UNITED STATES
DEPARTMENT OF STATE et al.,

       Defendants.
_____/

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**

On March 29, 2024, Defendants filed a motion to dismiss Plaintiffs' complaint as moot, stating that parties have resolved all the issues in the case. *See* ECF No. 7. Plaintiffs did not timely respond—leaving their position unclear—so they were directed to show cause why the case should not be dismissed for failure to prosecute. ECF No. 8. Plaintiffs' deadline was May 8, 2024, but they again did not respond.

After making certain findings under Civil Rule 41(b), "[t]his Court may dismiss a complaint *sua sponte* for failure to prosecute." *United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962)); *see also* E.D. Mich. LR 41.2 ("[W]hen it appears . . . that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or

remanding the case unless good cause is shown."). Four factors govern such a dismissal. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citation omitted).

Here, the four factors weigh in favor of dismissing the case *sua sponte*. The reason for Plaintiffs' failure is not known, so the first factor is neutral. But Defendants are prejudiced by Plaintiffs' abandonment of his case, Plaintiffs were warned about the potential consequences of their inaction, and a sanction short of dismissal would not be appropriate in this matter because Plaintiffs have not responded even once since his case was removed here. *See United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (first citing *Bullard v. Roadway Exp.*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam) (unpublished); and then citing *Morley v. Comm'r of Soc. Sec.*, No. 4:12-CV-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013)). The three factors favoring dismissal outweigh the one neutral factor, so the case will be dismissed.

Accordingly, it is **ORDERED** that the Complaint, ECF No. 1, is **DISMISSED** under Civil Rule 41(b) for failure to prosecute.

**This order closes the above-captioned case**.

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 5/10/2024